No. 30,969.

HAZEL DEANE POINDEXTER, a Minor, by SAM POINDEXTER, Her Father and Next Friend, *Appellee*, v. R. H. GIBSON and JOHN DOE (whose real name is unknown), doing business as the PERFECTION COOKY COMPANY, *Appellants*.

(19 P. 2d 731.)

Opinion filed March 11, 1933.

*Arthur J. Stanley, Arthur J. Stanley, Jr.,* both of Kansas City, *Guy M. Cowgill, Arthur C. Popham* and *John F. Cook,* all of Kansas City, Mo., for the appellants.

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries alleged to have been caused by the negligence of defendant's agent and employee. Defendant's answer did not put the question of such agency in issue. The case proceeded to trial. Plaintiff had introduced all her evidence when defendant asked leave of court to file an amended answer putting the question of agency in issue. The court permitted the amended answer to be filed, and at plaintiff's request continued the case to enable plaintiff to take depositions on that issue. Defendant is a resident of Missouri and was not personally present at the trial. When plaintiff went to take his deposition he refused to give any information with respect to the question and refused to produce his books and records relating thereto. Proceeding under our statute (R. S. 60-2821) plaintiff moved to strike the amended answer from the files. Notice was given of the motion, a hearing was had thereon, and it was sustained by the court. Whereupon defendant's counsel withdrew from the court room. The court called a jury, which heard the evidence and assessed plaintiff's damages at $1,000, for which judgment was rendered. Defendant has appealed.

The principal point argued by appellant is that the court abused its discretion in striking the amended answer from the files. Our statute (R. S. 60-2821) reads as follows:

"In any action now pending or hereafter instituted in any court of competent jurisdiction in this state, any party shall have the right to take the deposition of the adverse party, his agent or employee, and in case the adverse party is a joint-stock association, corporation or copartnership, then of any officer, director, agent or employee of any such joint-stock association, corporation or copartnership, when such adverse party, or officer, director, agent or employee of such adverse party is without the jurisdiction of the court or cannot be

reached by the process of the trial court; and in case said adverse party, when duly served with notice of the taking of such deposition, as provided by the code of civil procedure for the taking of depositions, shall fail to appear at the place fixed in said notice, which place shall be in the city or county of the usual place of residence or place of business of said witness, and testify and produce whatever books, papers and documents demanded by the party taking such deposition, or shall fail to produce at the time and place specified in such notice such officer, director, agent or employee, the court before whom such action is pending may, upon application of the party seeking to take such deposition, and upon notice to the adverse party of such application, and upon hearing had to the trial court, strike the pleadings of such adverse party from the files and render judgment in favor of the party so seeking to take such depositions, in whole or in part, as prayed for in his pleadings."

It is designed to meet just such situations as arose in this case, or at least is specifically applicable thereto. "It is a valid exercise of the legislative power." (*Edmonds v. Federal Securities Co.*, 131 Kan. 11, 290 Pac. 3.) It is quite obvious in this case that defendant was not only seeking delay, but was resorting to subterfuge to prevent a judicial determination of the issues before the court. Perhaps there was no issue of agency which honestly could have been raised under the facts. If there were, it should have been raised in the first answer filed. The court was liberal with defendant when it permitted him to file an amended answer raising that issue after the cause had proceeded to trial and all of plaintiff's evidence had been introduced. The court very well might have refused to permit such an amendment at that stage of the trial. The continuance of the trial was for the purpose of taking the deposition of defendant and his employees on that question. Those depositions had to be taken in Missouri, because defendant carefully avoided coming into Kansas. There, under the advice of his counsel, he flatly refused to answer pertinent questions relating to that issue and refused to disclose what books or records, if any, he had that would throw any light on the question, and declined to produce such books or records as he had for examination. That attitude of itself tended to show that his testimony on that point and his books and records, if produced, would not be favorable to him. But, passing that thought, defendant by his pleadings had raised an issue in his action pending in this state. Common fairness dictates that he should not withhold material evidence in his possession relating to an issue which he had asked the court to determine.

Appellant argues that no demand was made prior to the date of

taking depositions for defendant to produce books, papers or documents at the taking thereof. The statute (R. S. 60-2821) does not require that the demand be made prior to the taking of the deposition. It is sufficient, under the statute, if it be made at that time, provided, of course, that ample time to produce them be given. Appellant cites R. S. 60-2850 and 60-2851 and decisions thereunder on the question of demand and subpœna *duces tecum* for the production of books, records and documents, and the decisions of this court construing these sections, and contends that the same rule should be applied to proceedings under R. S. 60-2821. The point is not well taken. The last cited section is designed to be "cumulative of all the laws of this state and . . . as providing an additional means of securing evidence." (R. S. 60-2822.) Neither is it essential that the demand be in writing. If it be argued that under this interpretation of the statute a plaintiff might take undue advantage of a defendant it may be answered, the statute was not designed to permit either party to take an unfair advantage of the other. If the record in a case should disclose that plaintiff was taking an unfair advantage of defendant the court has ample power to deal with the question; but we have no such situation here.

Appellant next argues that there were no records specified which were shown to be in existence and material to any issue in the case. If this is true it arises from the fact that defendant and his counsel refused to permit the facts to be disclosed. It is true defendant, at the taking of his deposition, quibbled over the question of whether there were any records, said such records as were made were kept by an employee then out of the state, questioned his own authority to examine the records of his business, and finally declined to produce such as he had. On the hearing of the motion to strike the answer from the files his counsel appeared in court and said, in effect: Yes, we have some records. They are here in court. We are now willing to let counsel for plaintiff use them in the trial of the case. Naturally, counsel for plaintiff declined to go into trial blinded in such a manner on a material point in issue.

Appellant argues that the refusal of defendant to answer the questions propounded to him was not sufficient grounds to justify the court in sustaining plaintiff's motion to strike the answer from the files. This point lacks merit. The refusal of the witness went directly to the question at issue. Apparently defendant, or his

counsel, conceived the notion that he could raise an issue—whether well founded under the facts or not—which plaintiff could not overcome without taking depositions of defendant and his employees, and then, by staying out of the state and refusing to give testimony on the issue, defeat a judicial determination of that issue by the courts of this state. Our laws would be lame indeed if they did not provide a remedy for such tactics.

Lastly, it is argued that plaintiff's petition is insufficient and does not state facts to support the judgment. The point was not raised in the trial court. No demurrer had been filed to this petition, nor was any objection made to the introduction of evidence under it. Under these circumstances it will be liberally construed in favor of the judgment rendered. So construing it, there is no difficulty in holding that it states facts sufficient to constitute a cause of action which will support the judgment.

We find no error in the record, and the judgment of the court below is affirmed.